IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


GREGORY K. WHITT                                                              PLAINTIFF

v.                                      Civil No. 5:25-cv-05243-TLB-CDC

UNITED STATES MARSHALS SERVICE
DEPUTY ISAAC RODRIGUEZ; 8
UNKNOWN AGENTS; BRENT TOBIAS-
ARRIOLA; HOUSTON GARNER;
CIRCUIT JUDGE ANNIE POWELL
HENDRICKS; DEPUTY HUEING;
DEPUTY BIAS; and SEBASTIAN
COUNTY SHERIFF HOBE RUNION                                                   DEFENDANTS


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28

U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge,

referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1]  Under

§ 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  For

the reasons given below, the undersigned recommends that all claims against Defendants United

States Marshals Service Deputy Isaac Rodriguez, 8 Unknown Agents, Brent Tobias-Arriola,

Houston Garner, and Circuit Judge Annie Powell Hendricks be DISMISSED WITHOUT

PREJUDICE.

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

## I. BACKGROUND

Plaintiff Gregory K. Whitt is currently incarcerated at the Sebastian County Detention Center ("SCDC"). The undersigned previously issued a Report and Recommendation ("R&R") that his Amended Complaint (ECF No. 6) be dismissed without prejudice for failure to state a claim. *See* ECF No. 20. After the previous R&R was submitted, Plaintiff filed a motion to amend his complaint in order to address the deficiencies identified in that R&R. Chief Judge Brooks granted that motion, *see* ECF No. 25, deemed the R&R moot in light of the new incoming pleading, *see* ECF No. 28, and referred the matter to the undersigned for further review, *see* ECF No. 27. Plaintiff's Second Amended Complaint (ECF No. 26) is now ready for screening. Its contents, and how they compare with those of his previous Amended Complaint, will be discussed in detail below, in Section III of this R&R.

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Section 1983 was enacted to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 685 (1978). To assert a claim under § 1983, a plaintiff must allege two elements: (1) that the action occurred under color of law; and (2) that the action is a deprivation of a right secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). In the previous R&R, the undersigned observed that the fundamental problem with Plaintiff's Amended Complaint was that he did not allege any facts showing, or even allowing a plausible inference, that the Defendants he had named were responsible for the deprivations he claimed to have suffered. Instead, he simply made the vague and conclusory assertion that they were part of a conspiracy with the individuals who actually inflicted the alleged deprivations.

Plaintiff's Amended Complaint brought three claims. Claims One and Three concerned his arrest on December 15, 2023. Both of these claims asserted that Mr. Whitt was unlawfully arrested in violation of the Fourth Amendment to the United States Constitution. *See* ECF No. 6, pp. 6–7, 9–11. Claim Two concerned a severe beating Mr. Whitt alleged was inflicted on him on June 10, 2024, while he was incarcerated in SCDC, and the subsequent denial of medical care for

3

the injuries he received from that beating, in violation of the Fourth and Eighth Amendments. *See id.* at 7–8. Mr. Whitt brought all three of those claims against nine defendants. One of them he identified as United States Deputy Marshal Isaac Rodriguez. *Id.* at 2. The other eight were simply identified as "Unknown Agent[s]" who are all employed at the "U.S. Marshal's Office." *Id.* at 2–5. As relief, Mr. Whitt sought compensatory and punitive damages in the amount of $2,000,000.00, plus $1,500.00 per day for each day that he has been incarcerated since his arrest. *See id.* at 11–12.

The undersigned recommended dismissing Claims 1 and 3 from Plaintiff's Amended Complaint because the only basis he asserted for these claims was that he had been arrested under a warrant for a crime of which he claimed to be innocent. The undersigned noted that it has long been very well established that "[a]n arrest executed pursuant to a facially valid warrant generally does not give rise to a cause of action under 42 U.S.C. § 1983." *Fair v. Fulbright*, 844 F.2d 567, 569 (8th Cir. 1988). And although Plaintiff asserted in his Amended Complaint that the warrant under which he was arrested had never been signed by a judge, the undersigned pointed out that the docket in his underlying Arkansas criminal case showed that this claim was indisputably false. *See* ECF No. 20, p. 4 (referencing filings dated December 12, 2023, in *State v. Gregory Keith Whitt*, Case No. 66FCR-23-1170).[2]

Plaintiff's Second Amended Complaint attempts to cure these deficiencies by adding three new Defendants to Claims 1 and 3: a Fort Smith Police Detective named Brent Tobias-Arriola; a Deputy State Prosecuting Attorney named Houston Garner; and Sebastian County Circuit Judge Annie Hendricks. *See* ECF No. 26, pp. 8–17. Judge Hendricks is who issued the warrant for

---

[2] Although Plaintiff did not attach the warrant and affidavit in support of it to his complaint, the undersigned nevertheless took judicial notice of them because they are documents that are necessarily embraced by his pleadings, *see Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012), and they are public records whose authenticity is not subject to reasonable dispute, *see* Fed. R. Evid. 201; *cf.* Fed. R. Evid. 902(1).

4

Plaintiff's arrest; Deputy Tobias-Arriola is the officer who swore out the factual testimony in the affidavit that was filed in support of that warrant; and Garner is the prosecuting attorney who submitted that affidavit and warrant application to Judge Hendricks. *See id.*

These claims against Judge Hendricks must be dismissed under the doctrine of judicial immunity. "[J]udicial immunity is an immunity from suit, not just from ultimate damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). There are only two situations where judicial immunity does not apply: (1) if the challenged act is non-judicial; or (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *See id.* at 11–12. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). There are no allegations in Plaintiff's Second Amended Complaint that Judge Hendricks somehow lacked jurisdiction of the underlying state court case; and issuing an arrest warrant is obviously a judicial function.

As for Plaintiff's claims against Defendants Tobias-Arriola and Garner: he seeks damages from them for submitting an affidavit in support of the warrant application that he alleges falsely accused him of committing the crimes of domestic battery and terroristic threatening against his wife. *See* ECF No. 26, pp. 8–17, 21–22; *see also State v. Gregory Keith Whitt*, Case No. 66FCR-23-1170, Affidavit for Warrant of Arrest dated December 12, 2023. These claims are *Heck*-barred. *Heck v. Humphrey* was a seminal case in which the United States Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. 477, 486–87 (1994). Here, Plaintiff was ultimately convicted of the crimes he was accused in that affidavit of committing, pursuant to his own guilty plea—the same crimes of which

he claims to be innocent in his Second Amended Complaint. *See State v. Gregory Keith Whitt*, Case No. 66FCR-23-1170, Sentencing Order dated April 23, 2026. There is no allegation in Plaintiff's Second Amended Complaint that this conviction has been reversed, expunged, declared invalid, or called into question by issuance of a writ of habeas corpus. Therefore, his claims against Defendants Tobias-Arriola and Garner must be dismissed without prejudice.

Finally, it should be noted that nothing in Plaintiff's Second Amended Complaint cures the defect in his claims against Defendant Rodriguez and the other agents who arrested him, which is that it is not unlawful for them to have arrested him pursuant to a facially valid warrant. Therefore, Claims 1 and 3 should be dismissed without prejudice as to those Defendants for the same reasons as were discussed more fully in the undersigned's previous R&R.

Turning now to Claim Two: Plaintiff alleged in his Amended Complaint that on June 10, 2024—six months after his arrest—while he was incarcerated at SCDC, "[i]ndividuals conspiring with Isaac Rodriguez & the 8 Unknown Agents" attacked and brutally beat him, breaking his ribs and partially collapsing his left lung. *See* ECF No. 6, p. 8. Plaintiff further alleged that he was then "Denied Medical Attention, & The Proper Necessary Medical Care." *Id.* In the previous R&R, the undersigned observed that:

> These allegations might be sufficient to state a claim against the individuals who actually beat him or denied him medical care—if those individuals were named as defendants in this matter. But they have not been. Indeed, Plaintiff provides zero information whatsoever regarding who these individuals were, nor even for that matter, whether the persons who beat him were even government officials or employees at all or rather simply other inmates. Instead, Plaintiff simply alleges, with no elaboration or explanation, that they were "conspiring with" the officers who arrested him. Plaintiff does not state any facts that would allow any plausible inference that the *federal* agents who he alleges arrested him on *state* criminal charges in December 2023 had any connection or even any knowledge at all about the beating he suffered in June 2024 while he was in a *county* jail awaiting resolution of those charges. Therefore, this claim must also be dismissed without prejudice.

(ECF No. 20, p. 5).

6

Plaintiff's Second Amended Complaint no longer attempts to bring Claim 2 against Defendants Rodriguez and the unknown agents who arrested him. *See* ECF No. 26, p. 18. Instead, Plaintiff has named the two individuals who he alleges severely beat him— Deputy Hueing and Deputy Bias—and he alleges that they did this "working/acting under [Sebastian County Sheriff] Hobe Runion's command." *See id.* This is sufficient information for this Claim to survive and be served on these three Defendants.

## IV.  CONCLUSION

For these reasons, it is recommended that all claims against Defendants United States Marshals Service Deputy Isaac Rodriguez, 8 Unknown Agents, Brent Tobias-Arriola, Houston Garner, and Circuit Judge Annie Powell Hendricks be DISMISSED WITHOUT PREJUDICE for failure to state a claim against them upon which relief may be granted, under 28 U.S.C. § 1915A(b)(1).

This leaves for later resolution Plaintiff's claims against Defendants Deputy Hueing, Deputy Bias, and Sebastian County Sheriff Hobe Runion, who will be served with the Second Amended Complaint by separate order.

**Status of Referral: This case should remain referred for all matters not recommended for dismissal in this report and recommendation.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **1st day of June 2026**.

/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE