IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GREGORY K. WHITT PLAINTIFF

v. Civil No. 5:25-cv-05243-TLB-CDC

DEPUTY HUEING; DEPUTY BIAS; and SEBASTIAN COUNTY SHERIFF HOBE RUNION DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff Gregory K. Whitt, who was incarcerated when he filed this lawsuit, proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court are the Motion to Dismiss (ECF No. 45) and Brief in Support (ECF No. 46) filed by the Defendants in this matter. For the reasons given below, the undersigned recommends that the Motion be GRANTED, and that this case be DISMISSED WITHOUT PREJUDICE.

**I. DISCUSSION**

Plaintiff filed his initial Complaint in this matter on November 21, 2025. *See* ECF No. 1. A convoluted period of motion practice and pleading amendments followed, but eventually orders were entered dismissing all Defendants except Deputy Hueing, Deputy Bias, and Sebastian County Sheriff Hobe Runion on preservice screening, *see* ECF No. 36, and directing that Plaintiff's operative pleading—his Second Amended Complaint (ECF No. 26)—be served on those three

remaining Defendants, *see* ECF No. 32. All three of those Defendants were served on June 12, 2026, *see* ECF Nos. 38–40, and they filed their Answer on July 6, 2026, *see* ECF No. 42.

On July 30, 2026, all three Defendants filed their currently pending Motion to Dismiss and Brief in Support. In those documents, they stated that they have been unable to effect service of their Answer and discovery requests upon Plaintiff, because their mailings of these materials to him at his last known address were returned as undeliverable. *See* ECF No. 46, p. 1–2. They also noted that many of this Court's recent mailings to Plaintiff have likewise been returned as undeliverable. *See* ECF No. 45, ¶ 4. Accordingly, they argue that Plaintiff's case should be dismissed for failure to prosecute.

This Court entered an Order directing Plaintiff to file a response to Defendants' Motion by August 20, 2026, and warning that "failure to timely and properly comply with this Order shall result in the dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2)." *See* ECF No. 48. Like all of this Court's mailings to Plaintiff since at least as far back as May 4, 2026, *see* ECF No. 30 *et seq.*, this Order was returned as undeliverable, *see* ECF No. 49. Plaintiff never responded to Defendants' Motion to Dismiss, and he has not provided this Court with any updated address where he may be contacted, despite having previously been ordered to notify the Court of any new address within thirty days of his transfer or release. *See* ECF No. 10.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally,

Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, to prosecute or defend the action diligently, and to promptly notify the Clerk and the other parties to the proceedings of any change in their address.

## II. CONCLUSION

Accordingly, it is recommended that Defendants Deputy Hueing's, Deputy Bias's, and Sebastian County Sheriff Hobe Runion's Motion to Dismiss (ECF No. 45) be **GRANTED**, and that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b), based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2). Fed. R. Civ. P. 41(b).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **26th day of August 2026**.

/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE